TIMOTHY D. CZARNECKI, Plaintiff-Appellee, v. UNO-VEN COMPANY, a/k/a Union Oil Company of California, *et al.*, Defendants-Appellants.

First District (1st Division) No. 1—02—0020

Opinion filed May 27, 2003.

Robert M. Chemers, of Pretzel & Stouffer, Chtrd., of Chicago, for appellant Foster Wheeler Constructors, Inc.

John J. Piegore, of Sanchez & Daniels, of Chicago, for appellant Vernon L. Goedecke, Inc.

Alfred L. Petrocelli, Jr., of Morci, Figlioli & Associates, of Chicago, for appellee.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendants Uno-Ven Co. (Uno-Ven), Foster Wheeler Constructors, Inc. (Foster-Wheeler), Interstate Scaffolding, Inc. (Interstate), and Vernon L. Goedecke, Inc. (Goedecke), appeal from an order of the circuit court denying their motions to transfer this case to Will County based on *forum non conveniens*.[1] On appeal, defendants contend that the trial court's denial of their motions to transfer was an abuse of discretion because: (1) the balancing of public interest factors and private interest factors strongly favors transfer to Will County; (2) plaintiff Timothy Czarnecki's decision to file his cause of action in Cook County should be granted less deference because his place of residence and the situs of his injury are in Will County; and (3) deference to plaintiff's choice of venue is diminished further by the fact that plaintiff originally filed his cause of action in Will County but voluntarily dismissed the case on the eve of trial and later refiled in Cook County. For the following reasons, we reverse the order of the trial court.

## BACKGROUND

In Will County in 1996, plaintiff filed his original personal injury

---

[1]Interstate had not yet appeared when its codefendants motioned to transfer the case.

action against defendants and eventually filed his amended complaint on August 19, 1998. It alleged that on August 27, 1994, plaintiff suffered a wrist injury while working on a heat exchanger at the Uno-Ven refinery located in Will County. The complaint named Uno-Ven, Goedecke (the scaffolding contractor), Interstate (the scaffolding contractor) and Foster-Wheeler (the general contractor) as defendants. Plaintiff's employer at the time of the accident was Brooks Erection & Construction Co. (Brooks). Plaintiff's eight-count complaint further alleged that his injuries were proximately caused by each defendant's negligence and willful violation of the Structural Work Act (740 ILCS 150/0.01 through 9 (West 1994) (repealed by Pub. Act 89—2, § 5, eff. February 14, 1995)). On June 20, 2000, the Will County circuit court allowed plaintiff's motion to voluntarily dismiss his cause of action without prejudice. The case had been set for a July 10, 2000, trial date.

In Cook County on June 18, 2001, plaintiff filed a personal injury action. The eight-count complaint was virtually identical to plaintiff's earlier complaint filed in Will County. No new defendants, allegations, or theories of liability were added.

On August 2, 2001, Uno-Ven motioned to transfer the case to Will County based on the doctrine of *forum non conveniens*. Foster-Wheeler and Goedecke also filed motions to that effect on August 15, 2001, and August 29, 2001, respectively.

The motions filed by Uno-Ven and Foster-Wheeler argued that, under a *forum non conveniens* analysis, the pertinent public interest and private interest factors strongly favor transfer to Will County. Each motion attached copies of plaintiff's complaint filed in Will County and plaintiff's complaint filed in Cook County, showing that the two complaints were virtually identical.

In its motion to transfer to Will County, Goedecke observed that extensive discovery had been undertaken during the four years that the same cause of action was in Will County. Goedecke supported his present motion with plaintiff's deposition and answers to interrogatories, which were filed in the Will County action and established that: (1) plaintiff and his wife reside in Will County; (2) the Uno-Ven refinery where plaintiff was injured is located in Will County; (3) Robert Halweg, the only occurrence witness cited by plaintiff's answers, is a Will County resident; (4) Carlos Santiago, a person at the scene immediately before, at the time of, or immediately after the occurrence resides in Ogle County; (5) plaintiff's treating doctors, Dr. Johnathan R. Javors and Dr. Ralph Richter, are Indiana residents; (6) plaintiff's wrist was operated on by Dr. Daniel Mass, who practices in Cook County; (7) plaintiff was also treated by a Dr. Carroll; (8) as a

result of his injury, plaintiff retained a vocational counselor employed by Concentra, a firm located in Cook County; and (9) the 1999 Statistical Summary from the Annual Report of the Illinois Courts states that the average time lapse between date of filing and date of verdict for law jury cases over $50,000 is 43.5 months in Cook County and 32 months in Will County.

Plaintiff's response to defendants' motions to transfer provided a table[2] purporting to designate the appropriate county of "individuals and/or offices provided by Defendant's [sic] in their answers to Supreme Court Rule 213." This table was not supported by any attached documentation. Plaintiff's table asserts that: (1) Dr. Carroll, Dr. Mass and Concentra maintain offices in Cook County, as do defendant's witnesses Dr. Vender and Mr. Holland; (2) one current or former Brooks employee (Foody) resides in Cook County; (3) the Uno-Ven refinery where plaintiff was injured, one current or former Goedecke employee (Nippert), and one current or former Brooks employee (Cronkrite) are located in Will County; (4) the occurrence witness (Halweg) and one former or current Goedecke employee (Hibler) are located in Grundy County; (5) five other potential witnesses reside downstate in McLean, Ogle, Macoupin, Madison and St. Clair Counties; and (5) three potential witnesses live in Indiana. Our research reveals that plaintiff's motion incorrectly states Foody's and Halweg's location. Both Foody and Halweg are actually Will County residents. Plaintiff's response further alleged that each defendant has a Cook County registered agent and that defendants transact a significant amount of business in Cook County.

Uno-Ven filed a reply to plaintiff's response and supported its reply with its own answers to interrogatories filed in the Will County case. These answers indicated that it may call at trial: (1) five current or former Goedecke employees, including Hibler and Nippert; (2) eight current or former Brooks employees, including Cronkrite, Foody, and Halweg; (3) four current or former Uno-Ven employees; (4) seven current or former Foster-Wheeler employees; (5) the expert testimony of Dr. Michael Vender and Eugene Holland, who were retained by Uno-Ven; and (6) plaintiff's treating doctors, Dr. Javors and Dr. Richter. Uno-Ven's answers did not provide the addresses of any of the potential witnesses listed.

On December 4, 2001, the circuit court denied defendants' motions to transfer the case back to Will County.

Based on our review of the record before us, plaintiff's place of residence and the situs of his injury are in Will County. Furthermore,

---

[2]This same table is included in plaintiff's appellate brief.

five witnesses named in the parties' Rule 213 (177 Ill. 2d R. 213) answers are Will County residents, including Halweg, the sole occurrence witness. Two of plaintiff's treating doctors, plaintiff's vocational counselor and two defense-retained opinion witnesses are Cook County contacts. Defendants also have registered agents in Cook County. Nine other witnesses listed in the parties' discovery answers are dispersed among six Illinois counties and an Indiana county. The locations of the 16 remaining potential witnesses are not established by the record.

On appeal, defendants contend that: (1) the balancing of public interest and private interest factors strongly favors transfer to Will County; (2) plaintiff's decision to file in Cook County should be granted less deference because neither his place of residence nor the site of his injury is located in Cook County; and (3) the deference typically accorded to a plaintiff's forum choice is further diminished in the instant case because plaintiff originally filed his action in Will County and then chose to voluntarily dismiss his complaint in order to refile in Cook County.

## ANALYSIS

■■ Trial courts are endowed with considerable discretion when ruling on a *forum non conveniens* motion. *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). We accordingly review the circuit court's judgment for an abuse of that discretion. *Forum non conveniens* is an equitable doctrine directed at promoting principles of fundamental fairness and sensible and effective judicial administration. *Guerine*, 198 Ill. 2d at 515, citing *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). Under this doctrine, a trial court may decline jurisdiction where a trial in another forum with proper jurisdiction and venue would better advance substantial justice. *Guerine*, 198 Ill. 2d at 515, citing *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991). In Illinois, trial courts are guided by a balancing test that considers both private interest and public interest factors while also granting deference to the plaintiff's choice of venue. *Guerine*, 198 Ill. 2d at 516. A defendant seeking to transfer on *forum non conveniens* grounds bears the burden of showing that the balancing of public interest and private interest factors strongly favors transfer. *Guerine*, 198 Ill. 2d at 516. A defendant seeking transfer is not required to show that the plaintiff's choice of forum is inconvenient; rather, transfer is allowed where defendant's choice is the substantially more appropriate forum. *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 298 (1995).

■ Public interest factors include: (1) a community's interest in resolving localized controversies locally; (2) the inequity in encumbering residents minimally connected to the litigation with the expense of

trial and the burden of jury duty; and (3) the increased deadlock resulting from the addition of further litigation to already crowded court dockets. *Guerine*, 198 Ill. 2d at 516-17. Although it remains a consideration, court congestion has been held to be a relatively insignificant factor. *Guerine*, 198 Ill. 2d at 517.

■ Private interest factors include: (1) the convenience of the parties; (2) the proportionate ease of access to testimonial, documentary and real evidence; and (3) any other considerations relating to the easy, expeditious and inexpensive resolution of a case. *Guerine*, 198 Ill. 2d at 516, citing *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105-106 (1990).

■ The deference granted to the plaintiff's choice of venue acknowledges a plaintiff's substantial interest in choosing the forum where his rights will be vindicated and is based on the assumption that the plaintiff's choice of forum is convenient. *Guerine*, 198 Ill. 2d at 517. However, when a plaintiff is not a resident of the forum chosen, this assumption is less well-founded and the plaintiff's choice accordingly receives diminished deference. *Guerine*, 198 Ill. 2d at 517. Moreover, the presumption favoring the plaintiff's choice of forum is also diminished where the plaintiff's injury does not occur in his chosen forum. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 337-38 (1994).

We find that the public interest factors, as applied to the instant case, strongly favor transfer to Will County. First, Cook County has a minimal interest in this action. Plaintiff seeks to recover for injuries sustained at a Will County construction site. Plaintiff resides in Will County. Thus, Will County's interest in securing safety at local construction sites substantially favors transfer to that county. See, *e.g.*, *Evans*, 275 Ill. App. 3d at 297-98. Furthermore, the presence of defendants' registered agents in Cook County and their conducting of unrelated business transactions in that county are not significant factors for *forum non conveniens* purposes. *Evans*, 275 Ill. App. 3d at 297. These contacts are sufficient to fix venue, but they cannot establish Cook County's significant connection with or interest in this action. Will County accordingly has a strong interest in resolving plaintiff's action locally and Cook County residents should not be encumbered with the trial expense of plaintiff's unconnected claim.

Second, plaintiff's original decision to file in Will County, his voluntary dismissal on the brink of trial, and the subsequent filing of a nearly identical claim in Cook County strongly implies that plaintiff is engaging in impermissible forum shopping. Forum shopping is a driving concern of the supreme court's *forum non conveniens* jurisprudence. *Guerine*, 198 Ill. 2d at 521; see also *Torres v. Walsh*, 98 Ill. 2d 338, 351 (1983) ("we hope to promote fair play between

plaintiffs and defendants and discourage the incessant jockeying for a more sympathetic jury likely to come forward with a more substantial award"). The *Peile* case is instructive. In *Peile*, the plaintiff, a resident of Pike County, was injured in a propane gas explosion at his home. The plaintiff originally filed his action in Madison County, but on motion of defendants, the case was transferred to Pike County. Discovery proceeded in Pike County for two years, during which time the plaintiff added defendants and amended his complaint. Two months prior to the scheduled trial date, the plaintiff voluntarily dismissed his complaint and then refiled in St. Clair County. Defendants' motion to transfer back to Pike County was denied. This order was reversed by the Illinois Supreme Court with instructions to transfer the cause to Pike County on remand. *Peile*, 163 Ill. 2d at 344. Here, as in *Peile*, public policy considerations disfavoring forum shopping militate against the disposition of plaintiff's case in Cook County.

Third, while this consideration is not accorded substantial weight, we do note the appreciable difference in litigation congestion between the Cook County and Will County court dockets. Given the relative surplusage of cases filed in Cook County, we conclude that additionally burdening that docket with a case having predominantly Will County connections is unwarranted.

We further find that the private interest factors set forth in *Guerine* also favor the transfer of plaintiff's action back to Will County. Plaintiff correctly asserts that where potential trial witnesses are scattered among several counties and no single county retains a predominant connection to the litigation, a plaintiff's choice of forum should not be disturbed because, in that case, the balance of private interest factors does not strongly favor transfer to any one county. *Guerine*, 198 Ill. 2d at 526. The facts here, however, establish that this is not such a case. Will County enjoys a predominant connection to the litigation because: (1) plaintiff is a Will County resident; (2) the place of plaintiff's construction-related injury is in Will County; (3) five potential witnesses are located in Will County, including the sole occurrence witness; and (4) the Cook County contacts cited by plaintiff should be accorded less weight in our *forum non conveniens* analysis. Plaintiff cites five potential witnesses in Cook County: Dr. Mass, who operated on his wrist; Concentra, a vocational consultant retained after plaintiff filed suit; Dr. Carroll, who also treated plaintiff after filing; and two defense-retained opinion witnesses. The location of a plaintiff's treating physicians and experts should not be given undue weight. See *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 227 (1987) (the fact that a plaintiff's doctor or expert is located in the chosen forum is not controlling, otherwise, a plaintiff could easily

frustrate *forum non conveniens* principles). Furthermore, the Cook County location of defense-retained experts is not relevant in our private interest factor analysis because these witnesses are testifying at defendants' request. In light of the relative ease of access potential witnesses have to Will County court, the private interest factors in this case weigh in favor of transfer to Will County.

Lastly, plaintiff's choice of forum in the instant case should be treated with a significantly diminished deference. Neither plaintiff nor the situs of his injury is located in Cook County. As a result, we can no longer safely presume that plaintiff's chosen forum is, in fact, convenient. *Guerine*, 198 Ill. 2d at 517. Moreover, plaintiff's action was originally filed in Will County and proceeded there for roughly four years. During that time, there is no evidence that plaintiff did not consider Will County to be a convenient and appropriate forum. Consequently, although we still treat plaintiff's decision to voluntarily dismiss and refile in Cook County with some deference, that deference is accompanied by a countervailing skepticism, given the circumstances of this case.

■ We conclude that the private interest and public interest factors strongly favoring transfer of this case to Will County easily overcome the deference courts must accord to plaintiff's choice of forum. Will County is the substantially more appropriate forum for plaintiff's case. Accordingly, the circuit court abused its discretion when denying defendants' motions to transfer to Will County. See *Guerine*, 198 Ill. 2d at 526-29 (listing over 30 cases where the supreme court exercised its supervisory authority to transfer cases away from the chosen fora of the plaintiffs).

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded to the circuit court of Cook County with directions to transfer the cause to Will County.

Reversed and remanded with directions.

GORDON, P.J., and McNULTY, J., concur.