2024 IL App (1st) 240422

No. 1-24-0422B

Opinion filed May 1, 2024

Third Division

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24400035201 |
| | ) | |
| ANDREW SCHULZ, | ) | Honorable |
| | ) | Elizabeth Ciaccia Lezza, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Presiding Justice Reyes concurred in the judgment and opinion.
Justice Van Tine specially concurred, with opinion.

**OPINION**

¶ 1    The circuit court granted the State's petition to deny defendant Andrew Schulz pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).

¶ 2    On appeal, defendant argues that the State failed to prove by clear and convincing evidence that he posed a real and present threat to the safety of any person or persons or the community and

no condition or combination of conditions could mitigate that threat and that the circuit court erred in its determination that defendant's detention was the least restrictive alternative.

¶ 3    For the reasons that follow, we affirm the judgment of the circuit court.

¶ 4                                  I. BACKGROUND

¶ 5    Defendant initially was charged in Cook County by felony complaint under case number 24400035201 with one count of possession of child pornography in a moving depiction, a Class 2 felony (720 ILCS 5/11-20.1(a)(6) (West 2022)), and one count of reproducing child pornography of a victim under the age of 13 years old, a Class X felony (*id.* § 11-20.1(a)(2)). Defendant was arrested on these counts on February 8, 2024.

¶ 6    On February 9, 2024, the State filed a petition for pretrial detention on the grounds that defendant was charged with a nonprobationable felony and a sex offense. The State argued that he posed a real and present threat to the safety of any person or persons or the community and that no condition or combination of conditions could mitigate that risk. According to the petition, defendant

> "had in his possession 70 videos depicting child pornography of children under the age of
> 13; 7 videos of child pornography depicting children under the age of 18; and 3 self-
> produced videos. Defendant can be heard speaking off camera in the videos he self-
> produced. Defendant disseminated at least 12 child pornography videos via the Kik
> application. The disseminated videos depicted various sexual acts of children under the age
> of 13, with average ages of 4-7."

The record is not clear whether the three self-produced videos in which defendant can be heard speaking off-camera contained pornographic material.

¶ 7    At the court detention hearing held the same day, the State's proffer indicated that on or about October 16, 2023, the National Center for Missing and Exploited Children received a cyber tip from the electronic service provider of Kik[1] regarding an incident on October 12, 2023, when four files of suspected child pornography were sent from one user to another user via private chat message on the Kik account. The messages contained an e-mail address for the sender and were traced to an Internet protocol (IP) address. Investigating officers viewed three files and determined that they contained child pornography. One file contained a video depicting an adult male placing his penis on the vagina of a prepubescent female under the age of 13 years. The date of that upload was September 8, 2023.[2] The IP address was traced via Internet service provider Comcast to defendant's home address, and a search warrant was executed at that address on February 8, 2024. Defendant was in the apartment and told the police that he was the only person living there. His cellphone contained the Kik username that was previously investigated. The police found that defendant possessed approximately 70 videos of child pornography, 12 of which were disseminated, depicting children under the age of 13 years old, with average ages of 4 to 7 years old. The Kik account also contained videos of defendant speaking to the camera.[3] Although this was defendant's first arrest, the State highlighted to the court that all of the alleged conduct

---

[1]Kik is an electronic messaging application that provides for anonymous messaging.

[2]Assistant State's Attorney Investigator R. Grossman attached a report narrative to the felony complaint against defendant. The report contained the specific findings of two more child pornography files that defendant uploaded on Kik on September 8, 2023. Specifically, one file contained a video "depicting a prepubescent female under the age of 13, naked with her legs spread exposing her undeveloped vagina. A second prepubescent female under the age of 13 performs oral sex on the child by placing her tongue on the child's vagina." The second file contained a video "depicting a prepubescent female under the age of 13, performing oral sex on a male that appears to be over the age of 18. The female is placing her mouth on the male's erect penis."

[3]The record is not clear whether the videos in which defendant spoke to the camera contained pornographic material.

occurred in defendant's home, so presumably electronic monitoring or any other kind of monitoring at his house would not be effective.[4]

¶ 8    Pretrial services prepared a public safety assessment of defendant, which reported that he scored a 1 out of 6 on the "new criminal activity" scale and a 1 out of 6 on the "failure to appear" scale. According to the record, defendant was 37 years old at the time of the offenses at issue. He had no children, no children resided with him, and he was employed by the postal service as a mail carrier for 12 years.

¶ 9    The defense argued, relevant to this appeal, that defendant, who had no criminal background, received the "lowest possible" pretrial services risk assessment score and that conditions of pretrial release such as electronic monitoring, curfew, or restricted Internet use would mitigate the risk of any threat defendant posed to the community.

¶ 10    The circuit court issued a written order finding that the State showed by clear and convincing evidence that the proof was evident or the presumption great that defendant committed the charged offenses. In addition, the circuit court verbally found that the IP address traced to defendant led the police directly to his address, where additional videos were recovered, and those facts could not have been a coincidence. Further, the court's written order found that defendant posed a real and present threat to the safety of the community because he was found to be in possession of and disseminating child pornography. In addition, the court verbally found that defendant posed a very serious threat specifically to children.

---

[4]Although the record indicates that the circuit court interrupted the State, the gist of the State's complete sentence on this point is clear.

"While one might argue that child pornography possession or disseminating is not a violent offense, but I whole-heartedly disagree. When somebody engages in the offense of child pornography, that encourages the demand of additional criminal sexual assaults on children.

Because people get tired of the same videos and look to have new videos produced. And that demand and that ongoing dissemination and that ongoing possession, production of child pornography, causes the ongoing sexual assaults of children. So, this is not only a horrific offense but probably one of the most."

Moreover, the court's written order found that no conditions mitigated the real and present threat to the safety of any persons or the community because "the safety risk to children is great." The circuit court ordered defendant to be detained and remanded to the custody of the Cook County sheriff pending trial.

¶ 11    Defendant's February 23, 2024, notice of appeal under the Act in the circuit court was filed in the appellate court on February 27, 2024.

¶ 12    On March 7, 2024, case No. 24400035201 was superseded by indictment by case Nos. 24-CR-236601 and 24-CR-236801. The record does not contain the formal indictments against defendant, but the State argues that this court may take judicial notice of the computerized docket of the clerk of the circuit court of Cook County for case Nos. 24-CR-236601 and 24-CR-236801. See *People v. Jimerson*, 404 Ill. App. 3d 621, 634 (2010) ("a reviewing court may take judicial notice of public records and other judicial proceedings").

¶ 13    In case No. 24-CR-236601, defendant was charged with a total of 15 offenses, including one count of soliciting child pornography as being the object of or otherwise engaged involving a

victim under the age of 13 years, a Class X felony (720 ILCS 5/11-20.1(a)(4) (West 2022)); one count of indecent solicitation of a child where predatory criminal sexual assault is committed, a Class 1 felony (*id.* § 11-6(a)); seven counts of possessing child pornography with the victim being under the age of 13 years, a Class 2 felony (*id.* § 11-20.1(a)(6)); one count of indecent solicitation of aggravated criminal sexual abuse, a Class 3 felony (*id.* § 11-6(a)); one count for indecent solicitation of a child by means of the Internet, a Class 4 felony (*id.* § 11-6(a-5)); one count of grooming, a Class 4 felony (*id.* § 11-25(a)); one count of manufacturing harmful material utilizing a computer web camera device, a Class 4 felony (*id.* § 11-21(g)); one count of sexual exploitation of a child, a Class 4 felony (*id.* § 11-9.1(a)(2)), and one count of sexual exploitation of a child under 13 years of age, removing the child's clothing for the purpose of sexual arousal or gratification, a Class 4 felony (*id.* § 11-9.1(a-5)). According to the State's petition for pretrial detention in this case, defendant's phone revealed that he was engaged in sexualized conversations with a 12-year-old child and also solicited and received child pornography files of the minor victim. On March 21, 2024, the circuit court granted the State's petition for pretrial detention.

¶ 14    In case No. 24-CR-236801, defendant was charged with 35 offenses, including 6 counts of reproducing child pornography with a victim under 13 years of age, a Class X felony (*id.* § 11-20.1(a)(2), (c)); 20 counts of possessing child pornography in a moving depiction, a Class 2 felony (*id.* § 11-20.1(a)(6)); 3 counts of possessing child pornography with the victim being under the age of 13 years, a Class 2 felony (*id.*); and 1 count of possessing child pornography on a computer, a Class 3 felony (*id.* § 11-20.1(a)(6), (c)). The charges generally alleged that defendant produced and possessed child pornography and disseminated at least 12 videos containing child pornography depicting various acts of children with the average ages between 4 and 7 years old. On April 4,

2024, the circuit court entered a ruling that defendant would continue to be held in pretrial detention.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, defendant argues that the circuit court's order denying him pretrial release was in error. Specifically, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that (1) he posed a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case and (2) no condition or combination of conditions could mitigate that threat. Defendant asks this court to reverse the circuit court's decision granting the State's pretrial detention petition and remand for a hearing on the least restrictive conditions of release, such as placing him on electronic monitoring and restricting his use of electronic devices and the Internet.

¶ 17    Pursuant to section 110-6.1(e) of the Code, defendant is presumed eligible for pretrial release, and the State bears the burden of justifying his pretrial detention by proving by clear and convincing evidence the following three propositions: (1) the proof is evident or the presumption great that he has committed nonprobationable felony offenses based on possessing and reproducing child pornography, (2) he poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case, and (3) no condition or combination of conditions set forth in section 110-10 of the Code can mitigate that risk. See 725 ILCS 5/110-6.1(e) (West 2022).

¶ 18    "Section 110-6.1 of the Code does not establish a standard of review for orders granting, denying, or setting conditions of pretrial release." *People v. Reed*, 2023 IL App (1st) 231834, ¶ 24. Generally, this court reviews factual findings to determine whether they are against the manifest

weight of the evidence. *Id.* (citing *People v. Hackett*, 2012 IL 111781, ¶ 18). "Because the first two propositions involve factual findings, we will review those two determinations under the manifest weight of the evidence standard of review." *People v. Saucedo*, 2024 IL App (1st) 232020, ¶ 35; see *People v. Deleon*, 227 Ill. 2d 322, 332 (2008) ("A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented.").

¶ 19    However, the third proposition the circuit court must determine "involves a trial judge's reasoning and opinion." *Saucedo*, 2024 IL App (1st) 232020, ¶ 36. "The trial court must exercise a degree of discretion to determine whether any less restrictive means will mitigate the threat a defendant poses to a person or the community." *Id.* "Courts are 'endowed with considerable discretion' where, as here, they are called upon to weigh and balance a multitude of factors and arrive at a decision that promotes not only 'principles of fundamental fairness' but 'sensible and effective judicial administration.' " *Reed*, 2023 IL App (1st) 231834, ¶ 30 (quoting *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 508 (2003) (noting the standard of review when a court rules on a *forum non conveniens* motion)). "Abuse of discretion is also the standard [this court has] historically used to review bail appeals under Rule 604(c)(1)." *Id.* "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the circuit court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 20    Defendant does not challenge on appeal the circuit court's finding that the State met its burden on the first proposition—whether the proof was evident or the presumption was great that he committed a detainable offense.

¶ 21 Furthermore, in reviewing whether the State met its burden regarding the second and third propositions, we do not consider the evidence proffered by the State in case Nos. 24-CR-0236601 and 24-CR-0236801.

¶ 22                 A. Whether Defendant Posed a Threat

¶ 23 Defendant argues that the State did not identify any specific person or persons who would be at risk if defendant were released and instead relied only on the gravity of the allegations against him. Defendant contends that there is no suggestion in the record that he would have access or exposure to any children or would be responsible for caring for any children if he were to be released from custody. Defendant also contends that the circuit court's order shows that the court improperly considered the child pornography charges and merely repeated the statutory language in finding that he was a danger to children, which violated the Act's requirement of a particularized finding that a person poses a specific danger to people or the community. Defendant argues that both the State and the circuit court relied only on the charges to find that he was a safety threat even though he had no prior criminal history and received a low pretrial assessment score.

¶ 24 In determining whether a defendant poses a real and present threat to the safety of any person or the community, the court may consider, but shall not be limited to, the following relevant factors:

> "(1) The nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense.
>
> (2) The history and characteristics of the defendant ***[.]
>
>                 * * *

(3) The identity of any person or persons to whose safety the defendant is believed to pose a threat, and the nature of the threat.

\* \* \*

(6) The age and physical condition of any victim or complaining witness.

\*\*\*

(8) Whether, at the time of the current offense or any other offense or arrest, the defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence for an offense under federal or state law.

(9) Any other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g) (West 2022).

¶ 25    We conclude that the circuit court's finding that defendant poses a real and present threat to the safety of any person or persons or the community based on the specific articulable facts of the case was not against the manifest weight of the evidence. It is evident that the circuit court considered other dangerousness factors beyond just the nature of the charged offenses. The State's proffer provided clear and convincing evidence that defendant possessed and disseminated pornography that showed the victimization of multiple young children, who are vulnerable members of the community. Defendant's behavior as alleged was dangerous to children because the Internet is ubiquitous and his alleged crimes were easily committed in the privacy of his home simply by using his cellphone. Moreover, he possessed and disseminated a huge volume of child

pornography on his cellphone. The circuit court noted the violent nature of the alleged sex crimes, which not only revictimized the very young children every time the videos were viewed and shared but also fueled the demand for the production of new videos and thereby caused the ongoing sexual assaults of children.

¶ 26    "[T]he State undoubtedly has a legitimate reason to ban the creation of child pornography, as it is often associated with child abuse and exploitation, resulting in physical and psychological harm to the child." (Internal quotation marks omitted.) *People v. Hollins*, 2012 IL 112754, ¶ 21. "Child pornography is particularly harmful because the child's actions are reduced to a recording which could haunt the child in future years, especially in light of the mass distribution system for child pornography." *People v. Lamborn*, 185 Ill. 2d 585, 589 (1999). There is a developing consensus that a relationship exists between even the possession of child pornography and its creation, as the former may stimulate the latter. *People v. Reyes*, 2020 IL App (2d) 170379, ¶ 143 (Birkett, J., specially concurring). Here, in the context of defendant's alleged possession and dissemination of a voluminous amount of child pornography, the circuit court appropriately focused on the question of his potential dangerousness not only to the vulnerable children but also to people to whom defendant disseminated this vile material. Because his alleged crimes were committed electronically, defendant is a threat to children and the community both in person and in cyberspace.

¶ 27                          B. Conditions of Release

¶ 28    Defendant also argues that the State made no argument regarding why no condition or combination of conditions could mitigate the risk of his release other than to list the alleged facts of the charges in the petition and state briefly that this all occurred in his home. Due in part to an

interruption from the court, the State did not explain why the fact that the offenses occurred in defendant's home mattered. Defendant argues that the State presented very minimal evidence related to conditions and did not address why limiting Internet use would not mitigate any safety risk posed by defendant.

¶ 29    Section 110-10(a) of the Code establishes a number of mandatory conditions that must be imposed for defendants released prior to trial. 725 ILCS 5/110-10(a) (West 2022). Section 110-10(b) then provides a number of discretionary conditions that the circuit court may impose, which include but are not limited to (1) restrictions on leaving Illinois without leave of court; (2) prohibitions on approaching or communicating with particular persons or classes of persons; (3) prohibitions from going to certain described geographic areas or premises; and (4) being placed under direct supervision of the pretrial services agency, probation department, or court services department in a pretrial home supervision capacity with or without the use of an approved electronic monitoring device. *Id.* § 110-10(b)(0.05), (3), (4), (5). Section 110-10(b) also authorizes the circuit court to impose "[s]uch other reasonable conditions" if those conditions are individualized and the least restrictive means possible to ensure defendant's appearance in court and compliance with pretrial release rules, court procedures, and criminal statutes. *Id.* § 110-10(b)(9).

¶ 30    We conclude that the circuit court's finding that no condition or combination of conditions could mitigate the threat of harm defendant posed was not an abuse of discretion. The court's ruling indicates that, given defendant's repeated victimization of vulnerable children within the privacy and confines of his own home, the court did not believe it could effectively impose a "no access to the internet" condition, especially considering the great danger defendant posed to

children, his targeted group of victims. Under the circumstances of this case, the circuit court's consideration of the nature of charges and effectiveness of home confinement and electronic monitoring is sufficient to conclude that conditions of release would be inadequate to mitigate the threat posed by defendant.

¶ 31    Defendant accumulated his voluminous collection of child pornography in the privacy of his home and frequently disseminated it by merely accessing the Internet with his cellphone. The risk of future revictimization of the children depicted in the videos and the volume of defendant's activity led the court to conclude that it could not fashion conditions that would prevent further dissemination and revictimization and that it could not protect the public and specifically children by imposing any conditions of release. The court clearly considered factors beyond the nature of the offenses charged, including the difficulties in keeping defendant from accessing the Internet. Because dissemination of child pornography via the Internet is a key part of defendant's alleged criminal behavior, any situation that would not curtail his potential access to the Internet leaves a threat in place. This concern clearly exemplifies the continuing nature of the threat and implicates the court's ability to deter defendant from repeating his alleged criminal conduct, both of which are crucial parts of the section 110-6.1(h)(1) analysis. *Id.* § 110-6.1(h)(1).

¶ 32    Where the victims are revictimized every time the videos are viewed and shared, it was not an abuse of discretion for the circuit court to find that it could not protect the public and specifically vulnerable children with any conditions of electronic monitoring and could not enforce a condition that deprives defendant of Internet access outside of a secure detention facility.

¶ 33                                        III. CONCLUSION

¶ 34    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 35    Affirmed.

¶ 36    JUSTICE VAN TINE, specially concurring:

¶ 37    I concur in the outcome of this appeal. However, in my view, only the abuse of discretion standard of review applies.

¶ 38    The majority uses a bifurcated standard of review, applying the manifest weight standard to the trial court's conclusions about whether the proof is evident or the presumption great that the defendant committed a qualifying offense and whether he poses a threat to the safety of persons or the community, but applying the abuse of discretion standard to the court's determination that no conditions of pretrial release could mitigate that risk.

¶ 39    Applying the manifest weight of the evidence standard to the first two elements is inappropriate because most pretrial detention hearings do not involve evidence.[5] Evidence consists of witness testimony, documents, physical exhibits, stipulations, and judicially noticed facts. Illinois Pattern Jury Instructions, Criminal, No. 1.01 (approved July 18, 2014). At most pretrial detention hearings, the parties do not present such evidence. Instead, the parties make proffers and representations to the court (725 ILCS 5/110-6.1(f)(2) (West 2022)), which the court generally accepts as true without adversarial testing such as cross-examination. That is what occurred in this case. Moreover, the Code states that the Rules of Evidence do not apply at pretrial detention hearings (*id.* § 110-6.1(f)(5)), suggesting that the legislature does not view pretrial detention hearings as involving evidence. Because the parties generally do not introduce evidence at pretrial

---

[5]I say "most" because some pretrial detention hearings involve video recordings from sources such as police body cameras and surveillance cameras. Such video recordings could potentially be admissible evidence, although they are generally not formally introduced as evidence at pretrial detention hearings.

detention hearings, the appellate records that those hearings produce are sparse. On review, there is usually no evidence for us to weigh. The manifest weight standard applies when the trial court hears actual evidence like live witness testimony, as it would at a hearing on a motion to suppress evidence. See, *e.g.*, *People v. Valle*, 405 Ill. App. 3d 46, 57-58 (2010).

¶ 40     I acknowledge that the Code imposes a burden of clear and convincing "evidence" on the State. 725 ILCS 5/110-6.1(e) (West 2022). However, the existence of a clear and convincing evidence burden in the trial court does not automatically require manifest weight of the evidence review on appeal. In other areas of the law, we review the trial court's ruling for an abuse of discretion even though one of the parties had to prove a certain proposition by clear and convincing evidence. See, *e.g.*, *Roberson v. Belleville Anesthesia Associates, Ltd.*, 213 Ill. App. 3d 47, 52 (1991) (party challenging validity of settlement agreement must prove by clear and convincing evidence that settlement was not in good faith, but trial court's ruling on that issue is reviewed for abuse of discretion); *In re Marriage of Ryman*, 172 Ill. App. 3d 599, 607 (1988) (contributions to marital property in divorce must be proved by clear and convincing evidence, but trial court's attempt to offset marital estate's right to reimbursement for those contributions is reviewed for abuse of discretion). Therefore, in my view, abuse of discretion review is appropriate in pretrial detention appeals, and the use of a bifurcated standard of review is not.

¶ 41     However, the result of this case would be the same under either standard, which is why I concur with the outcome.

---

***People v. Schulz*, 2024 IL App (1st) 240422**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 24400035201; the Hon. Elizabeth Ciaccia Lezza, Judge, presiding. |
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Rebecca Cohen, Assistant Public Defender, of counsel), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Liv K. Grewal, Assistant State's Attorney, of counsel), for the People. |