Order filed November 27, 2024.  2024 IL App (5th) 240394
Motion to publish granted
December 24, 2024.                    NO. 5-24-0394

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THERESA L. SMITH, Special Administrator of the Estate of John R. Brumley Jr., Deceased, | ) ) ) | Appeal from the Circuit Court of St. Clair County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-LA-345 |
| WALGREEN CO.; DR. BARBARA J. GREEN; PHYSICIAN GROUPS, L.C., d/b/a BJC Medical Group of Missouri; and BJC HEALTH SYSTEM, d/b/a BJC Healthcare, | ) ) ) ) ) | |
| Defendants | ) ) | Honorable Kevin T. Hoerner, |
| (Walgreen Co., Defendant-Appellant). | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court, with opinion.
Justices Boie and Vaughan concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Walgreen Co. (defendant), appeals the February 20, 2024, order of the circuit court of St. Clair County that denied defendant's motion to transfer pursuant to the *forum non conveniens* doctrine. For the reasons that follow, we reverse and remand with directions for the circuit court to enter an order granting defendant's motion and transferring the cause to Christian County.

1

¶ 2                                      I. BACKGROUND

¶ 3      We limit our recitation of the facts to those relevant to our disposition on appeal. We will recite additional facts in the analysis section as needed to address the specific arguments of the parties.

¶ 4      On November 18, 2022, the plaintiff, Theresa L. Smith, special administrator of the Estate of John R. Brumley Jr., filed a petition in St. Louis County, Missouri, against Walgreen Co., Barbara Green M.D., and Physician Groups, L.C. The petition alleged that defendant was negligent by improperly filling a prescription for oral prednisone for John Brumley ordered by Dr. Green. Walgreen Co. filed a motion to dismiss arguing the Missouri court did not have personal jurisdiction over it, which was granted on September 6, 2023. The Missouri suit remains pending against Dr. Green and Physician Groups, L.C.

¶ 5      On March 15, 2023, plaintiff filed suit in St. Clair County, Illinois, naming Walgreen Co., Dr. Green, Physician Groups, L.C., and BJC Health System as defendants. The complaint alleged that Walgreen Co. improperly filled Brumley's prescription for oral prednisone. Dr. Green, Physician Groups, L.C., and BJC Health System filed motions to dismiss for lack of personal jurisdiction. On February 1, 2024, the circuit court granted the motions and dismissed defendants Dr. Green, Physician Groups, L.C., and BJC Health System from the case.[1]

¶ 6      On May 22, 2023, defendant filed a motion to transfer pursuant to *forum non conveniens*. Defendant argued that the suit must be transferred to Christian County, because the action giving rise to the litigation occurred in Christian County. In the motion to transfer, defendant argued that the public interest factors favored transfer to Christian County. Defendant argued that plaintiff's choice of forum, St. Clair County, should be given less deference because plaintiff was not a

---

[1]Plaintiff appealed the circuit court's February 1, 2024, order, in *Smith v. Green, et al.*, No. 5-24-0246.

resident of St. Clair County and none of the alleged negligent conduct took place in St. Clair County. Defendant also argued Christian County has a greater local interest, because both the alleged act of negligence and the injury occurred in Christian County. Further, defendant argued that Christian County is less congested than St. Clair County. Turning to the private interest factors, defendant's motion to transfer argued that the residencies of the parties did not heavily impact the analysis. Defendant further argued any potential witnesses' access to the venue and possibility of viewing the premises favor Christian County.

¶ 7     In her response to defendant's motion to transfer based on *forum non conveniens*, plaintiff argued that St. Clair County is more convenient to all parties. Plaintiff alleged as follows. Theresa Smith is the guardian of Brumley's disabled adult daughter, and they reside in Madison County. Further, she alleged that Dr. Green and BJC are significantly closer to St. Clair County than Christian County, as both are located in St. Louis, Missouri. Plaintiff further alleged that St. Clair County is more convenient to defendant as Walgreen Co.'s headquarters are in Lake County, Illinois.

¶ 8     Plaintiff's response to defendant's motion further alleged that evidence in the case is likely to be in the form of medical records and corporate documents in addition to testimony. Plaintiff argued this factor weighs in favor of St. Clair County. Plaintiff further alleged that practical problems relative to trial weigh in favor of St. Clair County. Plaintiff argued there is no accident site to view, however any witnesses that may be required to travel to testify would benefit greatly from the proximity of St. Clair County to Lambert St. Louis Airport as opposed to having to travel from St. Louis to Christian County.

¶ 9     Plaintiff further alleged that public interest factors weigh in favor of St. Clair County. Plaintiff argued that the issue at the heart of the case is one of national, and perhaps global, import.

Plaintiff argued that, because St. Clair County has four times as many Walgreen Co. stores than Christian County, the issues of the case are of more interest to the residents of St. Clair County. Plaintiff further argued that the burden and expense on St. Clair County is substantially less than the burden of trial in Christian County. Plaintiff also argued that court congestion weighed in favor of St. Clair County, as St. Clair County employed 20 judges while Christian County employed 2.

¶ 10    The circuit court held a hearing on defendant's motion to transfer on December 20, 2023. Following arguments of the parties, the court took the case under advisement. On February 20, 2024, the circuit court issued a written order denying defendant's motion to transfer. On March 20, 2024, defendant filed a timely petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), which this court granted. This appeal followed.

¶ 11                                   II. ANALYSIS

¶ 12    Initially, we address defendant's motion to strike. On August 19, 2024, defendant filed a motion to strike portions of plaintiff's brief pursuant to Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). We took defendant's motion with the case. In the motion to strike, defendant argues that plaintiff's brief violates Illinois Supreme Court Rule 341(i), Illinois Supreme Court Rule 341(h)(6), and Illinois Supreme Court Rule 341(h)(7).[2]

¶ 13    First, defendant argues that plaintiff's statement of facts contained no citations to the record. Rule 341(h)(6), read in conjunction with Rule 341(i), provides that an appellee's brief may contain a statement of facts "which shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Additionally,

---

[2]Throughout defendant's motion to strike portions of plaintiff's brief, defendant refers to "Illinois Supreme Court Rule 341(j)(7)." However, defendant actually quotes Illinois Supreme Court Rule 341(h)(7). As Rule 341(j)(7) does not exist, we presume that defendant's references to Rule 341(j)(7) are understood as referring to Rule 341(h)(7).

4

defendant argues that portions of plaintiff's argument section should be stricken, where plaintiff failed to comply with Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). Rule 341(h)(7), read in conjunction with Rule 341(i), provides that an appellee's brief must set forth an argument "which shall contain the contentions of the [party] and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 14    The purpose of the appellate rules of procedure is to require the parties before the reviewing court to present clear and orderly arguments so that the court can properly ascertain and dispose of the issues presented. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 7. The procedural rules governing the content and format of appellate briefs are not suggestions, they are mandatory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. "[T]he striking of an appellate brief, in whole or in part, is a harsh sanction and is appropriate only when the alleged violations of procedural rules interfere with or preclude review." *Moomaw v. Mentor H/S, Inc.*, 313 Ill. App. 3d 1031, 1035 (2000). This court has discretion to strike an appellant's brief and dismiss an appeal for failure to comply with the applicable rules of appellate procedure. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 15    In the case before us, plaintiff's statement of facts contains no citations to the record on appeal. Moreover, plaintiff's argument section fails to provide citations to authority on pages 9 through 14. This section includes plaintiff's analysis of how to weigh the private and public interest factors in a *forum non conveniens* case. As the court stated in *In re Marriage of Reicher*, 2021 IL App (2d) 200454, ¶ 33: "This court is not a repository into which a party may dump the burden of argument and research." A court of review is entitled to have issues on appeal clearly briefed and legal argument presented. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). As such, we grant

defendant's motion to strike those portions of plaintiff's brief which do not conform with Illinois Supreme Court Rules 341(i), 341(h)(6), and 341(h)(7).

¶ 16    Turning to the merits, the issue before us is whether the circuit court erred by denying defendant's motion to transfer based on *forum non conveniens*. "A trial court's decision on a *forum non conveniens* motion will be reversed only if it can be shown that the trial court abused its discretion in balancing the various factors at issue." *Gridley v. State Farm Mutual Automobile Insurance Co.*, 217 Ill. 2d 158, 169 (2005). A circuit court abuses its discretion where no reasonable person would take its adopted view. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 177 (2003).

¶ 17    "*Forum non conveniens* is an equitable doctrine founded in considerations of fundamental fairness and the sensible and effective administration of justice." *Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 441 (2006). The *forum non conveniens* doctrine permits the circuit court to decline jurisdiction over a case when trial in another forum would better serve the ends of justice. *Id.* If jurisdiction is so declined, the case must be dismissed because the circuit court lacks the authority to transfer it. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. "The dismissal is conditioned on the plaintiff timely filing the action in the other forum; and the defendant accepting service of process from that court, and waiving any available statute of limitations defense." *Id.*; see also Ill. S. Ct. R. 187(c)(2) (eff. Jan. 1, 2018). "Each *forum non conveniens* case must be considered as unique on its facts." *Langenhorst*, 219 Ill. 2d at 443. "Every request for transfer based upon *forum non conveniens* must be decided pursuant to an 'individualized, case-by-case consideration of convenience and fairness.' " *Gridley*, 217 Ill. 2d at 168 (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

6

¶ 18　In determining whether to grant or deny a motion to transfer on the basis of *forum non conveniens*, the circuit court must balance private interest factors affecting the litigants and public interest factors affecting the administration of the courts. *Dawdy*, 207 Ill. 2d at 172. "The private interest factors include the convenience of the parties; the relative ease of access to sources of testimonial, documentary, and real evidence; the availability of compulsory process to secure the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possibility of viewing the premises, if appropriate; and all other practical considerations that make a trial easy, expeditious, and inexpensive." *Shaw v. Haas*, 2019 IL App (5th) 180588, ¶ 17 (citing *Dawdy*, 207 Ill. 2d at 172). "The public interest factors include the interest in having local controversies decided locally, the administrative difficulties caused when litigation is handled in congested venues instead of being handled at its origin, and the unfairness of imposing jury duty upon residents of a county with no connection to the litigation." *Id.* (citing *Dawdy*, 207 Ill. 2d at 173). The defendant has the burden of showing that the balance of the relevant public and private interest factors strongly favors transfer, and the circuit court must evaluate the totality of the circumstances when determining whether the burden has been met. *Id.*; *Fennell*, 2012 IL 113812, ¶ 17. The relevant factors are not weighed against each other, and no single factor should be emphasized. *Langenhorst*, 219 Ill. 2d at 443-44.

¶ 19　"An additional consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum." *Dawdy*, 207 Ill. 2d at 173. It is generally assumed that the plaintiff's choice of forum is convenient, and unless the balance of the relevant factors strongly favor transfer, the plaintiff's choice should rarely be disturbed. *Id.* "However, when the plaintiff is foreign to the chosen forum and when the action giving rise to the litigation did not occur in the chosen forum, the plaintiff's choice of forum is accorded less deference." *Fennell*, 2012 IL 113812, ¶ 18.

Furthermore, when the plaintiff is foreign to the chosen forum and the action that gave rise to the litigation did not occur in the chosen forum, "it is reasonable to conclude that the plaintiff engaged in forum shopping to suit his individual interests, a strategy contrary to the purposes behind the venue rules." (Internal quotation marks omitted.) *Dawdy*, 207 Ill. 2d at 174. "A plaintiff's right to choose a forum 'cannot be permitted to override the public interest in, and need for, an orderly, efficiently operated judicial system.' " *Id.* at 175 (quoting *Espinosa v. Norfolk & Western Ry. Co.*, 86 Ill. 2d 111, 123 (1981)).

¶ 20    Here, we find that the circuit court abused its discretion by denying the defendant's motion to transfer on the basis of *forum non conveniens*. Although we acknowledge the plaintiff's right to choose the forum, a balance of the relevant factors strongly favors a transfer to Christian County. The record demonstrates that a trial in Christian County would better serve the ends of justice as well as the convenience of the parties. See *Dawdy*, 207 Ill. 2d at 177.

¶ 21    First, regarding the private interest factors, we begin by reviewing the facts pertaining to the convenience of the parties. Neither party resides in St. Clair County. Walgreen Co., the only named defendant remaining in the case, is headquartered in Lake County, Illinois. The Walgreen Co. store at issue is in Christian County. Although Walgreen Co. operates stores in St. Clair County, any transactions there are unrelated to the instant case and insignificant for purposes of *forum non conveniens*. See *Czarnecki v. Uno-Ven Co.*, 339 Ill. App. 3d 504, 509 (2003). Using Google Maps, we take judicial notice (see *Hoskin v. Union Pacific R.R. Co.*, 365 Ill. App. 3d 1021, 1024-25 (2006); see also *Dawdy*, 207 Ill. 2d at 177) that defendant's headquarters in Lake County is 315 miles from the St. Clair County courthouse and 235 miles from the Christian County courthouse.[3]

---

[3]Google Maps, http://www.google.com/maps (last visited Nov. 4, 2024).

¶ 22    Plaintiff is the Estate of John R. Brumley Jr., which is in Christian County. The estate is represented by Theresa Smith, who resides in Madison County. The distance between Theresa Smith's residence to the Christian County courthouse is 74.5 miles. The distance between Theresa Smith's residence to the St. Clair County courthouse is 34.6 miles.

¶ 23    The circuit court improperly considered the convenience of the dismissed defendants. In its order, the court weighed the convenience of Dr. Green and her staff, finding those persons "are significantly closer to St. Clair County than Christian County." As noted above, Dr. Green's case was dismissed for lack of jurisdiction. As such, it was improper for the court to consider her location when evaluating the convenience of the parties. Additionally, for the reasons stated above, the private interest factor of convenience to the parties weighs in favor of Christian County.

¶ 24    The next private interest factor to consider is the relative ease of access to witnesses and sources of evidence. Brumley resided in Christian County with his partner and four children. Brumley's partner and the children will likely provide testimony regarding damages and the condition of Brumley before his death. Additionally, the alleged negligent conduct of defendant occurred at the location within Christian County. Employees of the Christian County Walgreen Co. will likely be called to testify. Additional witnesses will likely need to travel from Walgreen Co. headquarters in Lake County to testify. Again, using Google Maps, we take judicial notice (see *Hoskin*, 365 Ill. App. 3d at 1024-25; see also *Dawdy*, 207 Ill. 2d at 177) that defendant's headquarters in Lake County is 315 miles from the St. Clair County courthouse and 235 miles from the Christian County courthouse. Google Maps, http://www.google.com/maps (last visited Nov. 4, 2024).

¶ 25    In its order, the circuit court speculated there may be "a host of experts who will likely be located across the country." The court noted that plaintiff's experts resided in Chicago, Illinois and

9

Virginia. We give little weight to the location of such experts. See *Fennell*, 2012 IL 113812, ¶ 33 (according significance to the location of plaintiff's chosen expert witnesses would allow plaintiffs to "frustrate the *forum non conveniens* principle" by choosing experts who live in counties that are not otherwise convenient).

¶ 26    The court further reasoned "there may be twenty or more depositions of witnesses in Madison County, St. Clair County, and St. Louis, Missouri." However, the record is devoid of evidence related to St. Clair County witnesses. The court also reasoned that "[t]here may even be dozens of depositions of countless witnesses in Cook County and/or Lake County, Illinois, which is the corporate residence of Defendant Walgreens." We find this level of speculation improper. See *Brandt v. Shekar*, 2020 IL App (5th) 190137, ¶ 43 ("the court was not free to speculate about the possible inconvenience of an unnamed group of witnesses who would be traveling from unknown locations to provide unspecified testimony"). Moreover, based on the evidence in the record, the private interest factors of relative ease of access to witnesses and other sources of evidence weigh in favor of Christian County, because Brumley sustained his injury there and the witnesses are on the whole closer to Christian County. Therefore, the circuit court abused its discretion.

¶ 27    The next private interest factor is the possibility of viewing the premises, if appropriate. In its order, the circuit court stated: "there is no accident site to view." While it is true there is no "accident site" as there would be in a personal injury case, there is certainly a location at which the complained-of action occurred—the Walgreen Co. location where the prescription was allegedly improperly filled. If, at some point during trial, the circuit court decides that viewing the premises where the prescription was filled is appropriate, such a viewing would occur at Walgreen Co. in Christian County. It is not rational for a jury of St. Clair County residents to travel to

10

Christian County to view the store. See *Dawdy*, 207 Ill. 2d at 179. Moreover, viewing the premises would be more expeditious if the trial were in Christian County. See *id.* For these reasons, this private interest factor also weighs in favor of Christian County over St. Clair County.

¶ 28    The next private interest factor to weigh is the factor of all other practical considerations that make a trial easy, expeditious, and inexpensive. Regarding this factor, the circuit court simply stated "[a]ny other practical problems relative to trial are likely of similar nature, and as such St. Clair County is more convenient than Christian County and this factor also weighs in favor of the plaintiff." Plaintiff indicated that her attorney was located in Madison County, which was closer to St. Clair County than Christian County, and defense counsel were located in St. Clair County. "While a court may consider this factor, 'little weight should be accorded it.' " *Id.* (quoting *Boner v. Peabody Coal Co.*, 142 Ill. 2d 523, 534 (1991)). Accordingly, while these considerations may favor St. Clair County, we allow them only slight influence. We conclude that overall, the private interest factors favor a trial in Christian County over St. Clair County.

¶ 29    The public interest factors include court congestion and judicial administration, imposing jury duty on residents of a community that is not related to the litigation, and the local interest in local controversies. See *id.* at 180-81. Here, the public interest factors strongly support Christian County as the appropriate forum. While court congestion alone is relatively insignificant if no other relevant factors are in favor of a transfer, it is nevertheless appropriate to consider it in the plaintiff's chosen forum. See *id.* at 181. Here, there *are* other factors that favor a transfer. Accordingly, court congestion is not insignificant. See *id.*

¶ 30    Plaintiff and defendant disagree as to the factor of court congestion. Defendant argued, based on the 2021 report from the Administrative Office of the Illinois Courts (annual report), that St. Clair County is more congested than Christian County. Defendant argued that in St. Clair

11

County, 6706 total civil cases were filed in 2021 with 8213 total cases pending at the time of the report. Defendant further argued that in Christian County, there were only 1338 new civil cases filed with 1651 pending. Plaintiff argued these number of cases should be balanced in relation to the number of judges in each county. Plaintiff argued Christian County listed 2 judges to handle all matters before that court, while St. Clair County listed 20 judges. We note that the most recent annual report provides that the average time lapse between the filing and the verdict in jury trial cases in Christian County is 16.2 months. Comparatively, the average time lapse between the filing and the verdict in jury trial cases in St. Clair County is 33.6 months. See Illinois Courts Statistical Summary 2022.[4]

¶ 31 The circuit court, in its analysis, weighed the population of St. Clair County (253,000 residents) versus Christian County (33,000 residents) and stated, "The burden on the forum in St. Clair County is substantially less than the burden would be of the same trial in Christian County." The court further considered the number of cases in each county in relation to the number of judges. Based on the statistics above, the public interest factor of docket congestion favors a trial in Christian County. The circuit court abused its discretion by finding otherwise.

¶ 32 The next public interest factor to consider is the interest in having local controversies decided locally. Plaintiff contends that Walgreen Co. has a significant presence in St. Clair County, because it operates eight stores there. Plaintiff further contends that "[t]he issue at the heart of this case is one of national, and perhaps global, import" and "[c]laims that Walgreens pharmacists systematically override safety measures put in place to protect patients from fatal overdoses is anything but local." Plaintiff further contends that the issues of the case are of more interest to the residents of St. Clair County than those of Christian County, because there are four times as many

[4]http://courts.illinois.gov/SupremeCourt/AnnualReport/2022_Statistical_Summary_Final.pdf.

12

Walgreen Co. stores in St. Clair County than there are in Christian County. Defendant argues a significant portion of the transaction that gave rise to the action occurred in Christian County, and the remaining allegations of negligent conduct took place outside of Illinois. Defendant further points out that "[n]one of the alleged negligent conduct took place in St. Clair County."

¶ 33    In its order, the circuit court stated, "The issues of this case are not a local controversy solely impacting Christian County. A significant issue involved is the allegation that Defendant Walgreens' policies and procedures do not protect patients." The court further stated, "Walgreens is one of the nation's largest drugstore chains. Claims that Walgreens' pharmacists systematically override safety measures put in place to protect patients from fatal overdoses is well-beyond a local controversy." However, this contention is contrary to the allegations set forth in the complaint. Plaintiff's complaint notes that Walgreen Co.'s system and policies advise a pharmacist to call the prescribing doctor in certain situations and alleges that the pharmacist overrode the system and failed to call the physician. Nothing in the record indicates a systematic problem at Walgreen Co. locations.

¶ 34    Given the record and the pleadings on file, it cannot be said that the complained-of action is a national or global issue. Brumley resided in Christian County and his estate was opened there. Smith, the administrator of the estate, resided in Madison County. The relevant conduct pertaining to the only remaining named defendant, Walgreen Co., took place in Christian County. Although Walgreen Co. may operate stores in St. Clair County, any transactions there are unrelated to the instant case and insignificant for purposes of *forum non conveniens*. See *Czarnecki*, 339 Ill. App. 3d at 509. For these reasons, the public interest factor of local interest in local controversies favors Christian County, and we find the court abused its discretion in finding otherwise.

13

¶ 35     Addressing the public interest factor of jury duty, St. Clair County residents should not be burdened with jury duty when the action neither arose there nor has any relation to that county. See *Dawdy*, 207 Ill. 2d at 183. Again, the alleged negligent conduct of defendant took place in Christian County, which gives the citizens of that county "a significant interest in the dispute and, therefore, it would not be unfair to burden the residents thereof with jury duty in this case." *Id.* The circuit court does not expressly address this factor in its order. "[W]e remind our trial courts to include *all* of the relevant private and public interest factors in their analyses." (Emphasis in original.) *Fennell*, 2012 IL 113812, ¶ 24. Accordingly, the public interest factor pertaining to jury duty favors Christian County.

¶ 36     Finally, we acknowledge that plaintiff's choice of forum in St. Clair County is entitled to deference. The circuit court, in its order, failed to consider that plaintiff is foreign to the chosen forum, as the special administrator resided in Madison County and the estate was opened in Christian County. Further, the action giving rise to the litigation with respect to defendant did not occur in the chosen forum, but in Christian County. Accordingly, it is reasonable to conclude that plaintiff engaged in forum shopping to suit her interests (*Dawdy*, 207 Ill. 2d at 174) and her choice of forum is accorded less deference (*Fennell*, 2012 IL 113812, ¶ 18). Additionally, it is not improper to disturb plaintiff's choice of forum in this case, as the balance of the above-mentioned factors strongly favors a transfer. See *Dawdy*, 207 Ill. 2d at 173.

¶ 37     For these reasons, we conclude that the weight of the private interest factors favors Christian County, and the weight of the public interest factors strongly favors Christian County. Our deference to plaintiff's chosen forum is reduced, because she neither resides there nor did the action arise there. Accordingly, we find that the circuit court abused its discretion by denying defendant's motion to transfer based on *forum non conveniens*.

14

¶ 38                          III. CONCLUSION

¶ 39    For the foregoing reasons, we reverse the February 20, 2024, order of the circuit court of St. Clair County and remand with directions to grant the defendant's motion and to transfer the cause to Christian County.


¶ 40    Reversed and remanded with directions.

*Smith, etc. v. Walgreen Co., et al.*, 2024 IL App (5th) 240394

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 23-LA-345; the Hon. Kevin T. Hoerner, Judge, presiding. |
| **Attorneys for Appellant:** | John Patrick Cunningham, of Brown & James, P.C., of Belleville, IL, and David Paul Ellington, of St. Louis, MO, for appellant. |
| **Attorney for Appellee:** | Darren Keith Short, of Keith Short and Associates, P.C., of Alton, IL, for appellee. |