2021 IL App (1st) 200405-U

FIFTH DIVISION
Order filed: May 28, 2021

No. 1-20-0405

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| WILLIAM MATTHIESSEN, Special Administrator of the Estate of AMANDA MATTHIESSEN, Deceased, | ) ) ) | Appeal from the Circuit Court of Cook County |
| | ) ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | |
| v. | ) ) | No.   2018 L 3186 |
| | ) ) | |
| GREENWOOD MOTOR LINES, INC. d/b/a R+L CARRIER, AUGUSTIN MARTINEZ, EVAN SMOROVSKY and VLADIMER SMOROVSKY, | ) ) ) ) | |
| Defendants. | ) ) | |
| | ) | Honorable |
| (Greenwood Motor Lines, Inc. d/b/a R+L Carrier, and Augustin Martinez, Defendants-Appellants). | ) ) | Moira S. Johnson, Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held:*   We reverse the order of the circuit court denying the defendants' motion for transfer of venue based on intrastate *forum non conveniens* grounds as the private and public interest factors weigh in favor of transfer.

¶ 2     The defendants-appellants, Greenwood Motor Lines, Inc. d/b/a R+L Carrier (Greenwood), and Augustin Martinez (collectively, the Greenwood defendants), bring this interlocutory appeal, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), challenging the circuit court's order denying their motion to transfer based on intrastate *forum non conveniens* grounds. For the reasons that follow, we reverse.

¶ 3     The following factual recitation necessary to the resolution of this appeal is adduced from the pleadings, orders, motions, affidavits, and other supporting documents of record. On March 22, 2018, Evan Smorovsky was driving a vehicle owned by his father, Vladimer Smorovsky, west on Big Timber Road in Kane County with Amanda Matthiessen (the decedent) riding as a passenger. Augustin Martinez was driving east on the same road in a semi-truck owned by Greenwood when Evan's vehicle made impact with the front end of his semi-truck. This accident caused Amanda's death.

¶ 4     On March 29, 2018, the plaintiff, William Mattheissen, as special administrator of the estate of Amanda, filed a two-count complaint in the circuit court of Cook County, alleging one count of wrongful death/negligence against defendants Greenwood and Augustin and a separate wrongful death/negligence claim against defendants Evan and Vladimer. On November 2, 2018, the plaintiff filed his first amended complaint, including the prior wrongful death claims as well as adding a new negligent entrustment claim against Vladimer. The negligent entrustment claim alleged that Vladimer failed to investigate whether Evan could safely operate the vehicle he allowed Evan to use. On January 15, 2019, Greenwood and Augustin filed a crossclaim for contribution against Evan and Vladimer alleging, *inter alia*, that Evan was traveling at a greater than reasonable speed, failed to reduce speed, and drove on the wrong side of the road. Greenwood

and Augustin also alleged that Vladimer negligently entrusted his vehicle to Evan knowing Evan was unfit to operate the vehicle.

¶ 5      On July 31, 2018, the Greenwood defendants filed a joint motion to transfer venue to Kane County on intrastate *forum non conveniens* grounds. On January 30, 2020, the circuit court denied the Greenwood defendants' motion to transfer venue, finding that they failed to meet their burden of establishing that trial in Kane County would be substantially more convenient for all parties and witnesses involved in the litigation.

¶ 6      The Greenwood defendants filed a petition for leave to appeal to this court, pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020). On April 1, 2020, we dismissed the petition for lack of jurisdiction based on untimeliness. The Greenwood defendants then filed a petition for leave to appeal to our supreme court or, in the alternative, a supervisory order directing this court to entertain their petition on the merits.  On September 30, 2020, the supreme court vacated our order dismissing the petition and ordered us to address it as timely filed.  In compliance with the supreme court's order, we considered the petition, and on November 16, 2020, we granted the Greenwood defendants' petition for leave to appeal pursuant to Illinois Supreme Court Rule 306(a)(2).

¶ 7      The sole question before us is whether the circuit court abused its discretion in denying the Greenwood defendants' motion to transfer venue based on intrastate *forum non conveniens* grounds. The doctrine of *forum non conveniens* is an equitable remedy "founded in considerations of fundamental fairness and sensible and effective judicial administration," allowing a circuit court to decline jurisdiction "in the exceptional case where trial in another forum with proper jurisdiction and venue would better serve the ends of justice." (Internal quotation marks omitted.) *First American Bank v. Guerine*, 198 Ill. 2d 511, 515 (2002). This doctrine has two potential

applications: (1) interstate *forum non conveniens* and (2) intrastate *forum non conveniens*. *Lambert v. Goodyear Tire and Rubber Co.*, 332 Ill. App. 3d 373, 377 (2002). "The intrastate application of the doctrine of *forum non conveniens* presupposes the existence of more than one proper venue within the State and focuses the inquiry upon the relative convenience of the plaintiff's chosen venue." *Bradbury v. St. Mary's Hospital of Kankakee*, 273 Ill. App. 3d 555, 559 (1995) (citing *Moore v. Chicago & North Western Transportation Co.*, 99 Ill. 2d 73 (1983)).

¶ 8 In determining whether to grant or deny a *forum non conveniens* motion, the circuit court must apply an uneven balancing test, weighing the various private interest factors affecting the convenience of the litigants and the public interest factors affecting the administration of the courts. *Guerine*, 198 Ill. 2d at 516, 521; *Bird v. Luhr Brothers, Inc.*, 334 Ill. App. 3d 1088, 1093 (2002); *Bradbury*, 273 Ill. App. 3d at 559. The circuit court does not weigh the private interest factors against the public interest factors; instead, it must evaluate the totality of the circumstances in determining whether the defendant met its burden of establishing that the relevant factors for consideration strongly favor transfer. *Guerine*, 198 Ill. 2d at 518. The circuit court's ruling on such a motion is a matter committed to the sound discretion of the court and it will not be disturbed on appeal absent a clear abuse of that discretion. *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 21.

¶ 9 Our supreme court has identified the relevant private and public interest factors that must be considered in a *forum non conveniens* analysis. The private interest factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; (3) the availability of compulsory process to secure attendance of unwilling witnesses; (4) the cost to obtain attendance of willing witnesses; (5) the possibility of viewing the premises, if appropriate; and (6) all other practical considerations that make a trial easy,

expeditious, and inexpensive. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 172 (2003). The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the unfairness of burdening citizens in an unrelated forum with jury duty; and (3) the interest in having local controversies decided locally. *Id*. at 173.

¶ 10    Additionally, the circuit court must consider the deference that should be afforded to the plaintiff's choice of forum. *Id*. A plaintiff's right to select a forum is substantial and "[u]nless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed." *Id*. When a plaintiff chooses his home forum, that choice will be given substantial deference. *McClain v. Illinois Central Gulf R.R. Co*., 121 Ill. 2d 278, 289 (1988). However, if the plaintiff is foreign to the selected forum, his choice is given less deference. *Griffith v. Mitsubishi Aircraft International, Inc*., 136 Ill. 2d 101, 106 (1990). Moreover, if the plaintiff's chosen forum is not the site of the alleged negligence, his chosen forum is also entitled to less deference. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 337-38 (1994).

¶ 11    Initially, we note that the plaintiff's choice of forum, Cook County, is owed minimal deference. The plaintiff is a resident of McHenry County, not Cook County, and based on our review of the record, none of the allegations of negligence occurred in Cook County. We also decline to address the Greenwood defendants' argument that, because the plaintiff is foreign to his chosen forum and because the alleged negligence did not occur in his chosen forum, he likely engaged in forum shopping as our supreme court has made clear that "courts may not consider [forum shopping] in a *forum non conveniens* analysis." *Dawdy*, 207 Ill. 2d at 175. Therefore, we will focus our review on the relevant private and public interest factors.

¶ 12    As to the first private interest factor, the Greenwood defendants must establish that the plaintiff's chosen forum is inconvenient and that another forum is more convenient for the parties.

*Langenhorst v. Norfolk Southern Ry. Co.*, 219 Ill. 2d 430, 444 (2006).

¶ 13    The record reflects that two of the four defendants—Augustin and Greenwood's Service Manager, Daniel Graceffa—reside and work in or near Kane County and averred in their affidavits that trial in Kane County would be more convenient. The remaining defendants—Vladimer and Evan—reside in Cook and McHenry County, respectively. Evan did not indicate a preference for venue and Vladimer stated that Cook County would be more convenient. With respect to the plaintiff, we note that the Greenwood defendants cannot assert that the plaintiff's chosen forum, Cook County, is inconvenient to him even though he does not reside in Cook County. *Langenhorst*, 219 Ill. 2d at 448. However, we reiterate that his chosen forum is accorded less deference because he neither resides in Cook County nor did the allegations of negligence occur in Cook County. *Griffith*, 136 Ill. 2d at 106; *Peile*, 163 Ill. 2d at 337-38. Therefore, we find that Kane County is more convenient for the parties. Accordingly, we find that the first private interest factor weighs in favor of Kane County.

¶ 14    We now address the second private interest factor—the relative ease of access to sources of testimonial, documentary, and real evidence. Both parties have listed numerous potential witnesses, which include, *inter alia*, Amanda Olsen (the only occurrence witness), the decedent's relatives, police officers, and medical personnel who are dispersed throughout Cook, Kane, DuPage, McHenry, and Lake counties as well as the states of Ohio and Indiana. With the potential witnesses scattered across multiple counties and states, we cannot conclude that this factor weighs in favor of transfer. See *First American Bank v. Guerine*, 198 Ill. 2d 511, 526 (2002). While we recognize that sources of real evidence from both Evan and the decedent are in Kane County, we see nothing preventing the transfer of these samples to Cook County. Moreover, the documentary evidence in this case is portable to either county. See *Ammerman v. Raymond Corporation*, 379

Ill. App. 3d 878, 890 (2008) ("[T]he location of documentary evidence has become less significant because today's technology allows documents to be copied and transported easily and inexpensively.") Accordingly, we find that the second private interest factor does not strongly favor transfer to Kane County.

¶ 15    We find the third private interest factor—the availability of compulsory process to secure attendance of unwilling witnesses—is neutral. Because the majority of the witnesses identified reside in multiple Illinois counties, compulsory process is available in either Kane or Cook County. See, *Bird*, 334 Ill. App. 3d at 1094.

¶ 16    We also find the fourth private interest factor—the cost to obtain the attendance of willing witnesses—is neutral. While the alleged negligence occurred in Kane County, the witnesses are dispersed among multiple counties, meaning that regardless of whether the trial is held in Kane or Cook County, some witnesses will incur expense in travel to trial.

¶ 17    We now turn to the fifth private interest factor—the possibility of viewing the premises. The plaintiff asserts that a viewing of the accident site is "highly unlikely" and is, therefore, a non-issue. However, our supreme court has held that such reasoning misses the point in a *forum non conveniens* analysis as "this factor is not concerned with the *necessity* of viewing the premises, but rather is concerned with the *possibility* of view, if appropriate." (Emphasis in original.) *Fennell*, 2012 IL 113812, ¶ 37. It is entirely possible that the jury could view the scene of the accident. Whether the jury views the scene of the accident is a decision left within the discretion of the trial court. *Dawdy*, 207 Ill. 2d at 179. As the alleged negligence resulting in the death of Amanda occurred in Kane County, it would be unlikely that a Cook County jury would travel to Kane County to view the scene of the accident. A viewing of the scene could arguably be accomplished more expeditiously if the case were tried in Kane County. Accordingly, we find that the fifth

private interest factor weighs in favor of transfer to Kane County.

¶ 18    We next address the sixth private interest factor—other practical considerations, making trial easy, expeditious, and less expensive. In support of this factor, the plaintiff highlights the fact that the office of the Greenwood defendants' counsel is in Cook County. While we recognize this is a factor we may consider in the *forum non conveniens* analysis, "little weight should be accorded it." *Dawdy*, 207 Ill. 2d at 179. The Greenwood defendants highlight the fact that Evan is currently under indictment in Kane County for aggravated driving under the influence and reckless homicide related to the vehicle accident and that, depending on the status of his criminal case at the time of the civil trial, it may be more difficult for him to attend trial in Cook County. While Kane County may be a more convenient forum for Evan, we cannot say that transfer to Kane County is more practical or easier because of a possible limitation to one party to the litigation. Therefore, we find that the sixth private interest factor is neutral.

¶ 19    We next address the relevant public interest factors, the first being the administrative difficulties flowing from court congestion. With their motion to transfer, the Greenwood defendants attached the 2017 annual statistical report from the Administrative Office of the Illinois Courts, which documented the civil circuit court caseload. Since that time, the 2019 statistics have become available, and the Greenwood defendants have requested that we take judicial notice of them. Our supreme court has found this annual statistical report to be a proper source of reference in assessing court congestion; therefore, we will take judicial notice of the report and rely on this data in our analysis. See *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 403 (1991). In 2019, of the civil jury cases with an amount in controversy over $50,000—as in this case—Kane County had a total of 497 new filed cases, 736 cases disposed of, and 916 cases pending at the end of the year. That same year, Cook County had 14,862 new cases filed, 15,147 cases disposed of, and

21,531 cases pending at the end of the year. This raw data establishes that Kane County is less congested than Cook County. Therefore, we find that the first public interest factor favors transfer to Kane County.

¶ 20    Next, we address the second public interest factor, the unfairness of burdening citizens in an unrelated forum with jury duty. The plaintiff maintains that, because the alleged negligent entrustment took place in Cook County, its citizens would not be unfairly burdened with jury duty and therefore, Cook County would be an appropriate forum. We are not persuaded by this argument because the record is silent as to which county the negligent entrustment occurred. However, we do know from the record that the cause of action giving rise to the remaining wrongful death claims occurred in Kane County. The fact that the accident occurred in Kane County gives Kane County a significant interest in the dispute; therefore, it would not be unfair to burden its citizens with jury duty. *Dawdy*, 207 Ill. 2d at 183. The plaintiff further asserts that Cook County is a proper forum because Greenwood conducts business in Cook County and its citizens would not be burdened with jury duty. We are also not persuaded by this argument as our supreme court has held that "[m]erely conducting business" in the plaintiff's chosen forum does not affect the *forum non conveniens* analysis." *Id.* at 182. Accordingly, we find that the second public interest factor favors transfer to Kane County.

¶ 21    As to the third public interest factor—the interest in having local controversies decided locally—our supreme court has held that the location of the injury giving rise to the litigation is the most significant factor in giving any county a local interest. *Dawdy*, 207 Ill. 2d at 183; *Peile*, 163 Ill. 2d at 343. In this case, the plaintiff's allegations of negligence arise out of an accident that occurred in Kane County. Accordingly, we find that the third public interest factor favors transfer to Kane County.

¶ 22     Based on our review of the record, the balance of both the private and public interest factors weighs strongly in favor of transfer to Kane County. We find, therefore, that the defendants met their burden of establishing that Kane County would be substantially more convenient, and that administrative fairness supports transfer. See *Guerine*, 198 Ill. 2d at 520-21. Accordingly, we find that the circuit court abused its discretion when it denied the defendants' motion to transfer based on intrastate *forum non conveniens* grounds. For the foregoing reasons, we reverse the judgment of the circuit court and remand the cause to the circuit court of Cook County with directions to transfer the cause to Kane County.

¶ 23     Reversed and remanded with directions.